FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 27, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON H., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 2:20-CV-140-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 14, 15. This matter was submitted for consideration without oral argument. Plaintiff is represented by Attorney Rosemary B. Schurman. Defendant is represented by Special Assistant United States Attorney Jeffrey R. McClain. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 14, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 15.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

Plaintiff Jason H.[1] filed for Disability Insurance Benefits (DIB) on October 29, 2018, Tr. 74, alleging an onset date of February 20, 2018, Tr. 190, due to traumatic brain injury (TBI), posttraumatic stress disorder (PTSD), post deployment lung disease (constructive bronchiolitis), post deployment lung disease (pulmonary fibrosis), sleep apnea, chronic headaches, memory/concentration, left knee injury/chronic pain, neck pain (herniated/bulging discs), and mid back pain (herniated and bulging discs), Tr. 316. Plaintiff's application was denied initially, Tr. 114-16, and upon reconsideration, Tr. 122-28. Plaintiff amended his alleged onset date to September 16, 2015. Tr. 304. A hearing before Administrative Law Judge Stewart Stallings ("ALJ") was conducted on October 8, 2019. Tr. 37-73. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of medical experts John Nance, Ph.D. and Lynee Jahnke, M.D. and vocational expert Tom Polsin. *Id*. The ALJ denied benefits on November 7, 2019. Tr. 15-26. The Appeals Council denied review on February 18, 2020. Tr. 1-5. The ALJ's November 7, 2019 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

405(g).  Plaintiff requested judicial review of the ALJ decision by this Court on April 5, 2020.  ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner.  Only the most pertinent facts are summarized here.

Plaintiff was 38 years old at the amended onset date.  Tr. 190.  He completed two years of college in 2004.  Tr. 317.  Plaintiff's work history includes positions as an office assistant, explosive ordnance disposal, assistant manager, and general manager.  Tr. 338.  At application, Plaintiff stated that he stopped working on September 11, 2012, because "[m]y condition was interfering with my work and I was laid off." Tr. 317.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1   In determining whether the standard has been satisfied, a reviewing court must

2   consider the entire record as a whole rather than searching for supporting evidence in

3   isolation.  *Id.*

4       In reviewing a denial of benefits, a district court may not substitute its

5   judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion

6   when the evidence is susceptible to more than one rational

7   interpretation."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further,

8   a district court will not reverse an ALJ's decision on account of an error

9   that is harmless.  *Id*.  An error is harmless where it is "inconsequential to the [ALJ's]

10  ultimate nondisability determination."  *Id*. (quotation and citation omitted).  The

11  party appealing the ALJ's decision generally bears the burden of establishing that it

12  was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

13              **FIVE-STEP EVALUATION PROCESS**

14      A claimant must satisfy two conditions to be considered "disabled" within the

15  meaning of the Social Security Act.  First, the claimant must be "unable to engage in

16  any substantial gainful activity by reason of any medically determinable physical or

17  mental impairment which can be expected to result in death or which

18  has lasted or can be expected to last for a continuous period of not less than twelve

19  months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of

20  such severity that he is not only unable to do his previous work[,] but cannot,

21  considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and

1  award benefits. 20 C.F.R. § 404.1520(d).

2  If the severity of the claimant's impairment does not meet or exceed the

3  severity of the enumerated impairments, the Commissioner must pause to assess the

4  claimant's "residual functional capacity." Residual functional capacity (RFC),

5  defined generally as the claimant's ability to perform physical and mental work

6  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

7  404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

8  At step four, the Commissioner considers whether, in view of the claimant's

9  RFC, the claimant is capable of performing work that he or she has performed in the

10 past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable

11 of performing past relevant work, the Commissioner must find that the claimant is

12 not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing

13 such work, the analysis proceeds to step five.

14 At step five, the Commissioner considers whether, in view of the claimant's

15 RFC, the claimant is capable of performing other work in the national economy. 20

16 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must

17 also consider vocational factors such as the claimant's age, education and

18 past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of

19 adjusting to other work, the Commissioner must find that the claimant is not

20 disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to

21

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended date of onset, September 16, 2015. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity; degenerative disc disease of the lumbar, cervical, and thoracic spine; pulmonary fibrosis; historical TBI; and PTSD. Tr. 17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equaled the severity of a listed impairment. Tr. 19. The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> The claimant can sit up to six hours, and can stand or walk up to six hours, or an eight-hour workday with normal breaks. The claimant can never climb ladders, ropes, or scaffolds, and can occasionally climb ramps or stairs. The claimant can occasionally stoop, crouch, kneel, and crawl. The claimant must avoid concentrated exposure to extreme

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

> cold and excessive vibration. The claimant is precluded from all exposure to moving or dangerous machinery, unprotected heights, and excessive noise. The claimant is limited to low-stress positions without production pace requirements, in a predictable setting with occasional simple workplace changes in which concentration is not critical. The claimant can handle brief and/or superficial public contact, and can work near coworkers with occasional teamwork tasks.

Tr. 21.

At step four, the ALJ identified Plaintiff's past relevant work as an ordinance artificer, and found that he was unable to perform his past relevant work. Tr. 24. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including: office helper; routing clerk; and mailroom clerk. Tr. 25. On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from September 16, 2015, through the date of his decision. Tr. 26.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him Social Security Disability Insurance Benefits under Title II of the Social Security Act. ECF No. 14. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered Plaintiff's symptom statements; and

2. Whether the ALJ made a proper step five determination.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

**DISCUSSION**

**1.     Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in his treatment of Plaintiff's symptom statements. ECF No. 14 at 6-12.

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Id*.

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must

1  make a credibility determination with findings sufficiently specific to permit the
2  court to conclude that the ALJ did not arbitrarily discredit claimant's testimony.").
3  "The clear and convincing [evidence] standard is the most demanding required in
4  Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)
5  (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

6  Here, the ALJ found Plaintiff's medically determinable impairments could
7  reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's
8  "statements concerning the intensity, persistence and limiting effects of these
9  symptoms are not entirely consistent with the medical evidence and other evidence
10 in the record for the reasons explained in this decision." Tr. 22. Specifically, the
11 ALJ found that Plaintiff's statements were inconsistent with his reported activities
12 and objective treatment. *Id*.

13      **A.**    **Reported Activities**

14 The ALJ found that Plaintiff's reported activities of self-care, preparing meals,
15 caring for pets, riding a lawn mower, performing light yard work, vacuuming, doing
16 laundry, washing dishes, driving, shopping, handling finances, and interacting with
17 family and friends on a regular basis were inconsistent with his alleged level of
18 impairments and limitations, stating that "the claimant's level of activity is
19 minimally limited, and cannot be reconciled with the considerable severity alleged."
20 Tr. 22.
21 A claimant's daily activities may support rejecting symptom statements if (1)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

the claimant's activities contradict his other testimony, or (2) "the claimant is able to spend a substantial part of his day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Primarily, the ALJ failed to state specifically what testimony was undermined by Plaintiff's activities. Tr. 22. The Ninth Circuit has warned ALJs against using simple household activities against a person when evaluating their testimony:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison*, 759 F.3d at 1016. Therefore, mere reference to these activities without some finding that they undermine specific activities is not sufficient to support rejecting Plaintiff's symptom statements.

The ALJ did state that the ability to handle finances was inconsistent with the reported memory and concentration deficits, and the ability to drive and shop in public stores for necessities was inconsistent with his fear of crowds. Tr. 22. The ALJ failed to state that Plaintiff did not report that he did these activities well or for extended periods. In fact, Plaintiff stated that "I forget at times to pay bills and have to be reminded. Sometimes I forget to account for all of the bills when calculating

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

[the] monthly budget." Tr. 357. He stated that he shops in stores for groceries and gifts for about 30 to 40 minutes a week. Therefore, the inconsistencies of Plaintiff's reported activities and statements are not supported by substantial evidence, and this reason is insufficient to meet the specific, clear and convenience standard.

### B. Objective Treatment

The ALJ stated that "[t]he objective treatment record does not support a more limiting residual functional capacity than addressed." Tr. 22. The ALJ then pointed to several objective findings throughout the record including sensation, motor reflexes, strength, gait, and range of motion testing. *Id*. Therefore, the ALJ's focus is the objective evidence and not the amount or type of treatment.

Objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects," but it cannot serve as the only reason for rejecting a claimant's symptom statements. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, since the ALJ failed to provide other legally sufficient reasons for rejecting the opinion, reliance on the objective medical evidence alone does not support the ALJ's determination. This case is remanded for the ALJ to properly address Plaintiff's symptoms.

### 2. Step Five

Plaintiff argues that the ALJ erred at step five because the RFC determination that the vocational expert relied upon failed to incorporate limitations from

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

pulmonary fibrosis, left knee impairment, TBI, headaches, cognitive issues, depression, and cervical and thoracic impairments. ECF No. 14 at 12-19.

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs."). In formulating an RFC, the ALJ considers the claimant's symptom statements. *See, e.g., Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009). Since the case is being remanded for the ALJ to properly address Plaintiff's symptom statements, the ALJ will formulate a new RFC on remand.

Additionally, the Court noted that the ALJ's RFC determination failed to specifically address Plaintiff's TBI and pulmonary impairments. First, the ALJ failed to discuss how the limitations resulting from the TBI, which may include Plaintiff's alleged headaches, were addressed in the RFC. Dr. Nance, the psychological expert, testified that he did not consider limitations associated with Plaintiff's TBI because those were physical limitations, not psychological limitations. Tr. 50. Dr. Jahnke then testified that she considered the TBI "to be a psychiatric issue. And so I don't comment on that at all." Tr. 59. The ALJ found Dr. Nance's opinion to be partially persuasive, stating the following:

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

> Dr. Nance conceded that the claimant's TBI could cause or contribute to mental limitations, but that the effect of TBI was not within his expertise. The undersigned finds additional limitations in concentration and adaptation tasks are necessary given the claimant's allegations of problems handling stress and testing showing some cognitive concentration problems.

Tr. 23. The ALJ found Dr. Jahnke's opinion to be highly persuasive. *Id*. In forming the RFC, the ALJ failed to discuss how the TBI and the alleged associated headaches were represented in the RFC. Neither the psychological expert nor the medical expert were willing to provide any expert opinion regarding limitations from the TBI. Therefore, the TBI and headaches are not accurately represented in the RFC determination.

Second, the ALJ failed to state why the opined limitations resulting from the pulmonary impairments were excluded from the RFC determination. Dr. Jahnke opined that Plaintiff would need to avoid concentrated exposure to pulmonary irritants because of the pulmonary fibrosis. Tr. 65. The ALJ found this opinion to be highly persuasive. Tr. 23. However, this limitation was not included in the RFC determination, and the ALJ failed to provide any explanation for the exclusion. Therefore, upon remand, the ALJ will further address limitations from Plaintiff's TBI, headaches, and pulmonary impairments.

## CONCLUSION

The decision whether to remand for further proceedings or reverse and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are necessary to properly address Plaintiff's symptom statements, make a new RFC determination, and make a new step five determination. Therefore, the Court remands this case for further proceedings consistent with this Order. Furthermore, the ALJ shall supplement the record with any outstanding medical evidence, call a medical expert to resolve the issue of limitations resulting from the TBI, and call a vocational expert to address any step four or five determinations at remand proceedings.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part,** and the matter is remanded for further proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

**DATED** April 27, 2021.

                                      *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                      United States District Judge